**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
973-243-8600
Joseph J. DiPasquale, Esq. (jdipasquale@trenklawfirm.com)
Thomas M. Walsh, Esq. (twalsh@trenklawfirm.com)
Robert S. Roglieri, Esq. (rroglieri@trenklawfirm.com)
*Proposed Counsel to Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| KABBALAH TAXI INC., *et al.*,[1] | Case No. 17-27566 (VFP) |
| Debtors. | (Jointly Administered) |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TRENK, DiPASQUALE, DELLA FERA & SODONO, P.C. AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), submit this application (the "Application") for entry of an order authorizing the employment and retention of Trenk, DiPasquale, Della Fera & Sodono, P.C. ("Trenk DiPasquale") as counsel to the Debtors, effective as of the Petition Date. In support of this Application, the Debtors rely on the *Declaration of Joseph J. DiPasquale* (the "DiPasquale Declaration") filed contemporaneously herewith, and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' taxpayer identification number are as follows: Kabbalah Taxi Inc. (8765); Barcelona Taxi Inc. (0660); Devil Dog Taxi LLC (0357); Diamond Castle Taxi Inc. (5276); Ferco Hacking Corp. (0546); Geneva Taxi Inc. (0988); Gstaad Taxi LLC (2136); Maserati Taxi Inc. (0657); Monte Carlo Taxi Inc. (7492); Provance Taxi Inc. (0728); Smirnoff Taxi Inc. (0527); Sshri Trans Corp (7651); and Young Cab Corp. (2819).

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 327(a), 328, 504, and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

### BACKGROUND

3. On August 30, 2017 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtors are operating their business and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Application, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

5. A detailed description of the Debtors' business and the facts surrounding the commencement of the Chapter 11 Cases is set forth in the Declaration of Evgeny Freidman in Support of First Day Matters [Docket No. 7], which is incorporated herein by reference.

**RELIEF REQUESTED**

6. By this Application, the Debtors seek authorization to employ and retain Trenk DiPasquale as their counsel in connection with the filing and prosecution of these Chapter 11 Cases, effective as of the Petition Date. The Debtors respectfully request that the Court enter the proposed order submitted herewith authorizing them to employ and retain Trenk DiPasquale as their attorneys.

7. The Debtors selected Trenk DiPasquale to serve as their bankruptcy counsel because of its attorneys' experience in the fields of debtors' and creditors' rights, insolvency, debt restructuring, corporate reorganization, commercial law, and litigation, as well as Trenk DiPasquale's participation in numerous other proceedings under chapter 11 of the Bankruptcy Code before this and other bankruptcy courts. Accordingly, the Debtors believe that Trenk DiPasquale is both well qualified and able to represent the Debtors in these Chapter 11 Cases.

8. The professional services the Debtors anticipate Trenk DiPasquale will render include, but are not limited to:

   a. advise the Debtors with respect to their powers and duties as debtors and debtors in possession in the continued management and operation of their businesses and properties;

   b. attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the cases, including all of the legal and administrative requirements of operating in chapter 11;

   c. take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of certain actions on the Debtors' behalf, the defense of certain actions commenced against the Debtors' estates, negotiations concerning certain litigation in which the Debtors may be involved, and objections to claims filed against the Debtors' estates;

   d. prepare on behalf of the Debtors all motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

   e. negotiate and prepare on the Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents, and take

    any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

  f. advise the Debtors in connection with any sale of assets;

  g. appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtors' estates before such courts and the U.S. Trustee; and

  h. perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

  9. It is necessary and essential that the Debtors, as debtors-in-possession, employ attorneys to render the foregoing professional services. Trenk DiPasquale has indicated a willingness to act on behalf of, and render such services to, the Debtors.

  10. The Debtors have informed Trenk DiPasquale and Trenk DiPasquale understands that the Debtors may file retention applications for other professionals in these cases, including Fox Rothschild LLP ("Fox Rothschild") to serve as special litigation counsel. Trenk DiPasquale has informed the Debtors that it will take appropriate steps and coordinate with each of the Debtors' other professionals to avoid unnecessary duplication of efforts.

  11. It is contemplated that Trenk DiPasquale will be compensated for the services described herein at Trenk DiPasquale's ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses, all pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code. The current hourly billing rates of partners, associates, law clerks, paralegals and legal assistants are set forth in the DiPasquale Declaration. These hourly rates are subject to periodic adjustment to reflect economic and other conditions, generally on January 1 of each calendar year.

  12. Prior to the Petition Date, Trenk DiPasquale was retained to represent the Debtors in these Chapter 11 Cases. Trenk DiPasquale was paid an initial retainer of $100,000, plus $22,321 for the Chapter 11 filing fees.

13. Trenk, DiPasquale was paid $17,482.60 for its prepetition services in connection with the Chapter 11 Cases. The Debtors are advised that Trenk DiPasquale has been paid for all amounts owed for legal services rendered prior to the Petition Date and is holding a retainer in the amount of $82,517.40 for services and expenses incurred during these Chapter 11 Cases which was paid by Taxi Club Management, Inc.

14. The Debtors understand that any compensation and expenses paid to Trenk DiPasquale must be approved by the Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered by the Court.

15. The Debtors submit that the retention of Trenk DiPasquale under the terms described herein is appropriate under sections 327(a) and 1107 of the Bankruptcy Code. The Debtors understand that section 327(a) of the Bankruptcy Code empowers the trustee (or debtors-in-possession) with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the [debtors-in-possession] in carrying out its duties under this title." 11 U.S.C. § 327(a). The Debtors have been further advised that section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

   a. is not a creditor, an equity security holder, or an insider;

   b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtors; and

   c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtors, or for any other reason.

16. Further, the Debtors have been advised and understand that section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such persons' employment by or

representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Moreover, courts have held that section 327(a) implicates only a professional's present interest, and that a law firm may be disinterested even if it previously represented an interest adverse to the estate. *See In re Arochem*, 176 F.3d 610, 623 (2nd Cir. 1999) (interpreting section 327(a)'s use of present tense to mean counsel will be disqualified due to adverse interests only if it presently holds or represents an interest adverse to bankruptcy estate, notwithstanding any interests it may have held or represented in the past).

17.     To the best of Trenk, DiPasquale's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    a. Evgeny Freidman is the president, managing member, sole director and/or sole shareholder of each of the Debtors.

    b. By Order entered July 14, 2017, Trenk, DiPasquale was retained as counsel for Debtors in the jointly administered Chapter 11 cases of In re Wolverine Taxi, LLC, *et al.*, Case No. 17-22500 (VFP). The debtors in In re Wolverine Taxi, LLC, *et al.* are also entities in which Evgeny Freidman is either the president, managing member, sole director and/or sole shareholder. The associated debtor cases in In re Wolverine Taxi, LLC are: Ben-Khe Trans. Corp., Case No. 17-22502 (VFP); Bimbo Taxi LLC, Case No. 17-22503 (VFP); Byblos Taxi Inc., Case No. 17-22505 (VFP); Cartier Taxi Inc., Case No. 17-22507 (VFP); Dragonfly Taxi Inc., Case No. 17-22510 (VFP); Ducati Taxi Inc., Case No. 17-22511 (VFP); Golden Beetle Taxi LLC, Case No. 17-22514 (VFP); Grasshopper Taxi LLC, Case No. 17-22515 (VFP); Jolly Hacking Corp., Case No. 17-22516 (VFP); London Taxi LLC, Case No. 17-22506 (VFP); Moth Taxi LLC, Case No. 17-22513 (VFP); NY Kind Taxi Corp., Case No. 17-22517 (VFP); Pelican Taxi LLC, Case No. 17-22519 (VFP); Privet Taxi Inc., Case No. 17-22520 (VFP); Purlie Trans Corp., Case No. 17-22521 (VFP); Saint Tropez Taxi Inc., Case No. 17-22524 (VFP); Split Transit Inc., Case No. 17-22522 (VFP); Trestomos Trans Inc., Case No. 17-22523 (VFP); and Wasp Taxi LLC, Case No. 17-22525 (VFP).

    c. On August 22, 2017, Trenk, DiPasquale filed an application for retention as Debtors' counsel in the jointly administered Chapter 11 cases of In re Panda Taxi LLC, *et al.*, Case No. 17-26678 (VFP). The debtors in In re Panda Taxi,

6

    LLC, *et al.* are also entities in which Evgeny Freidman is either the president, managing member, sole director and/or sole shareholder. The associated debtor cases in In re Panda Taxi, LLC are: Badger Taxi, LLC, Case No. 17-26680 (VFP), Cannes Taxi Inc., Case No. 17-26682 (VFP); Caramel Taxi LLC, Case No. 17-26684 (VFP); Donkey Taxi, LLC, Case No. 17-26685 (VFP); Dov Jam Cab Corp., Case No. 17-26686 (VFP); Dylan Taxi Inc., Case No. 17-26687 (VFP); Hot Fudge Taxi LLC, Case No. 17-26689 (VFP); JDS Trans Inc., Case No. 17-26692 (VFP); Koala Taxi, LLC, Case No. 17-26693 (VFP); Macar Service Corp., Case No. 17-26694 (VFP); Marshmallow Taxi LLC, Case No. 17-26695 (VFP); Tori & Sarah Hacking Corp., Case No. 17-26696 (VFP); and Twinkie Taxi LLC, Case No. 17-26702 (VFP).

d. On September 7, 2017, Trenk, DiPasquale filed an application for retention as Debtors' counsel in the jointly administered Chapter 11 cases of In re Wrestler Taxi LLC, *et al.*, Case No. 17-27436 (VFP). The debtors in In re Wrestler Taxi, LLC, *et al.* are also entities in which Evgeny Freidman is either the president, managing member, sole director and/or sole shareholder. The associated debtor cases in In re Wrestler Taxi, LLC are: Antibes Taxi Inc., Case No. 17-27437 (VFP); Beaujolais Taxi, Inc., Case No. 17-27438 (VFP); Belvedere Taxi LLC, Case No. 17-27439 (VFP); Betmar Express Cab Corp., Case No. 17-27440 (VFP); Black Label Taxi LLC, Case No. 17-27441 (VFP); Body Slam Taxi LLC, Case No. 17-27442 (VFP); Bordeaux Taxi Inc., Case No. 17-27444 (VFP); Calvados Taxi LLC, Case No. 17-27445 (VFP); Chamonix Taxi LLC, Case No. 17-27446 (VFP); Chardonnay Taxi Inc., Case No. 17-27449 (VFP); Cognac Taxi LLC, Case No. 17-27454 (VFP); Cuervo Taxi LLC, Case No. 17-27455 (VFP); Filya Taxi Inc., Case No. 17-27457 (VFP); Finlandia Taxi LLC, Case No. 17-27458 (VFP); Frangelico Taxi LLC, Case No. 17-27460 (VFP); Gaze Service Co. Inc., Case No. 17-27462 (VFP); Hankuri Taxi Inc., Case No. 17-27465 (VFP); Loire Valley Taxi LLC, Case No. 17-27467 (VFP); Mediterranean Taxi Inc., Case No. 17-27472 (VFP); Razor Service Corp., Case No. 17-27476 (VFP); Sambuca Taxi LLC, Case No. 17-27477 (VFP); Sardinia Taxi Inc., Case No. 17-27479 (VFP); Two Hump Taxi LLC, Case No. 17-27481 (VFP); and XO Taxi Inc., Case No. 17-27484 (VFP).

e. On September 7, 2017, Trenk, DiPasquale filed an application for retention as Debtors' counsel in the jointly administered Chapter 11 cases of In re Brownie Taxi LLC, *et al.*, Case No. 17-27507 (VFP). The debtors in In re Brownie Taxi, LLC, *et al.* are also entities in which Evgeny Freidman is either the president, managing member, sole director and/or sole shareholder. The associated debtor cases in In re Brownie Taxi, LLC are: A&J Cab Corp., Case No. 17-27510 (VFP); Almanac Hacking Corp., Case No. 17-27514 (VFP); Avignon Taxi LLC, Case No. 17-27522 (VFP); Avit Trans. Inc., Case No. 17-27527 (VFP); Butterscotch Taxi LLC, Case No. 17-27532 (VFP); Portofino Taxi Inc., Case No. 17-27534 (VFP); Pupsik Hacking Corp., Case No. 17-27536 (VFP); Shurik Taxi Corp., Case No. 17-27537 (VFP); Smores Taxi

LLC, Case No. 17-27538 (VFP); and Soly Cab Corp., Case No. 17-27540 (VFP).

18. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code and such other procedures as may be fixed by order of this Court, the Debtors request that Trenk DiPasquale be compensated on an hourly basis plus reimbursement of reasonable actual and necessary expenses incurred by Trenk DiPasquale.

**NOTICE**

19. Notice of this Application has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) all secured creditors; and (iii) the Debtors' twenty largest unsecured creditors on a consolidated basis. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

**WHEREFORE,** the Debtors respectfully request that this Court: (i) enter an order substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated: September 7, 2017

**KABBALAH TAXI INC.,** *et al.*
*Chapter 11 Debtors and*
*Debtors-in-Possession*

By: */s/ Evgeny Freidman*
Evgeny Freidman

- and -

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
*Proposed Attorneys for Debtors*
*and Debtors-in-Possession*

By: */s/ Joseph J. DiPasquale*
Joseph J. DiPasquale

4817-6764-3726, v. 1

8